Moss v. Camp Pemigewassett          CV-01-220-M    11/29/01
                 UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Stephen M. Moss,
      Plaintiff

      v.                                   Civil No. 01-220-M
                                           Opinion No. 2001 DNH 213
Camp Pemigewassett, Inc.; Robert
L. Grabill; Alfred N. Fauver;
Bertha H. Fauver; Fred Fauver;
Jonathan Fauver; Thomas L. Reed;
Betsy M. Reed; Thomas L. Reed, Jr.,
      Defendants


                          O R D E R


      Before the court are: (1) plaintiff's motion to alter

judgment (document no. 14), to which defendant objects; and (2)

plaintiff's motion to strike objection to plaintiff's motion to

alter judgment (document no. 18), to which defendant also

objects.  For the reasons given below, plaintiff's motion to

alter judgment is denied, and his motion to strike objection is

granted, to the extent it covers the submission of evidence by

defendant.


      As a preliminary matter, because the court's order of

October 10, 2001, treated the pleading before the court as a

motion to dismiss, dismissal of the case was based solely upon the facts alleged in plaintiff's complaint.  Accordingly, when reconsidering that order, asserted facts in addition to or different from those contained in plaintiff's complaint are irrelevant.  Thus, to the extent plaintiff asks the court to disregard the evidence presented by defendants in their objection to his motion to alter judgment, his motion to strike is well founded, and is granted.

However, plaintiff's motion to alter judgment is denied. While all four counts of plaintiff's complaint were dismissed, plaintiff challenges only the dismissal of his defamation claim and his claim of intentional infliction of emotional distress. The applicable standard of review provides as follows:

> Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact . . . .  The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to . . . advance arguments that could and should have been presented to the district court prior to judgment.

DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001) (quoting Aybar v. Crispín-Reys, 118 F.3d 10, 16 (1st Cir. 1997))

(alterations in the original). Because plaintiff's argument for reconsideration is based upon a significant recasting of his complaint, seemingly in response to the court's order on defendants' motion to dismiss, it does not provide grounds for relief under Rule 59(e).

Essentially, plaintiff argues that the court misapprehended the allegations in his complaint and impermissibly failed to give him the benefit of all reasonable inferences regarding what he meant to claim. Specifically, he argues that the court: (1) erroneously concluded that plaintiff does not challenge the truthfulness of Robert Grabill's statement about complaints from parents; and (2) impermissibly inferred that the complaint Grabill said came "through the State" was similar to the complaints he said came from parents.

As for plaintiff's claim that he did, in fact, challenge the truthfulness of Grabill's statement about complaints from parents, it must first be noted that in Count I of his complaint, plaintiff claims that defendants published false and defamatory statements about him, but does not identify any particular

3

statement or statements.  In his statement of facts, plaintiff asserts that no complaint was ever forwarded to the Camp through the State.  However, he makes no assertion of falsity with respect to Grabill's statements about the existence or contents of complaints from parents.  Rather, he simply says that he has no documentation of any such complaints.  Even under its obligation to draw all reasonable inferences in plaintiff's favor, the court cannot reasonably stretch plaintiff's assertion that he lacked documentation into an assertion that defendants had received no parental complaints.  If plaintiff intended to assert that defendants received no complaints about him from parents – whether or not he considered a misrepresentation on this point to be actionable defamation – he needed only to say so, but he did not.

As for plaintiff's argument that the court improperly considered the two complaints Grabill said came from parents and the one that he said came through the State to be similar in nature, that characterization is based strictly upon the language of the complaint.  Paragraph 19 says, in pertinent part: "Grabill informed Moss that he had received three complaints regarding

4

Moss concerning inappropriate contact with boys at the Camp, two from parents and one 'through the State of New Hampshire.'" And in paragraph 20, plaintiff asserted: "Grabill subsequently told Charles Donovan, the Assistant Head of Nature and Bunk Counselor of the 'complaints' against Moss again stating that one complaint came through 'the State of New Hampshire.'"

Based upon the language of plaintiff's complaint, the only reasonable interpretation is that plaintiff was asserting Grabill had told Donovan about three complaints, similar in nature, but different with respect to their source (i.e., only one was reported to have come "through the State"). Plaintiff alleged no facts from which it might plausibly be inferred that any substantive difference existed with regard to the nature of the three complaints, other than the entity to which they were initially reported. The complaint provides no reasonable basis from which the court could infer a statement <u>about plaintiff</u> from a parental decision to complain to the State rather to the Camp. A parental decision to approach the State rather than the Camp does not necessarily imply anything about the target of the complaint, though it might reflect greater confidence in the

5

ability of State, as opposed to the Camp, to rectify the perceived problem.

Furthermore, given plaintiff's own assertion that Grabill said two complaints came from parents while the other one came through the State of New Hampshire, the court had no basis from which to infer that the nature of the complaint Grabill said was transmitted through the State was any different from or more serious than the other two. If plaintiff had asserted that Grabill told Donovan about a complaint from the State, or by the State, rather than through the State, perhaps an inference might plausibly be drawn that the State conducted some kind of preliminary investigation, and gave credence to a complaint that had been brought to it by a third party. But, based upon plaintiff's actual assertions, in his complaint, no such inference can reasonably be drawn.

Finally, while plaintiff argues that a statement about a parental complaint transmitted to the Camp through the State must, necessarily, be considered to have greater defamatory clout than a statement about a parental complaint made directly to the

6

Camp, such an inference would only be warranted if some affirmative action, beyond mere passive transmission of information, was attributed to the State. Plaintiff, however, does not assert that Grabill told Donovan that the State took any action other than passively transmitting a parental complaint that was similar to two others the Camp had received from parents. Because plaintiff did not assert that Grabill told Donovan that the State itself had made a complaint, or had investigated a complaint made by a third party, the reasonable inference to be drawn from the statement Grabill made to Donovan is that the State received a parental complaint about plaintiff and notified the Camp that the complaint had been lodged.[1]

---

[1] Plaintiff, of course, makes exactly the opposite argument – that Grabill's statement about a complaint transmitted through the State implies that the complaint prompting the State's report was more serious, rather than less serious, than those made directly to the Camp. Specifically, plaintiff argues that any complaints that may have been made to the Camp could not have been serious because the Camp did not report them to the State, as required by RSA 169-C:29 (1994). By the same token, however, RSA chapter 169-C contains no mechanism by which the State would merely pass along a serious complaint to an entity such as the Camp. Rather, the Child Protection Act requires the Department of Health and Human Services ("HHS") to investigate complaints, RSA 169-C:34 (Supp. 2001) and to refer certain credible complaints to local law enforcement agencies, RSA 169-C:38. Because plaintiff does not allege that Grabill told Donovan that an investigation was conducted by HHS, and because any criminal investigation would be conducted by a local law enforcement agency rather than the State, it is not reasonable to infer from

7

Absent a statement by Grabill that the State took some kind of action or otherwise added credibility to the complaint – which plaintiff has not alleged –  it cannot be reasonably inferred that a parental complaint lodged against Moss with the State is necessarily "more serious" than those made directly to the Camp.

Because plaintiff has identified no manifest error of law or fact, DiMarco, 238 F.3d at 34, in the order dismissing his complaint, his motion to alter judgment (document no. 14) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 29, 2001

cc:   Robert R. Lucic, Esq.
      Marie M. McPartlin, Esq.
      Russell F. Hilliard, Esq.
      Martha Van Oot, Esq.

_____

the statement ascribed to Grabill a defamatory meaning as to plaintiff.